IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 21-00045 JAO |
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| TIMMIE THOMAS CHATELAIN, JR., | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Pro se Defendant Timmie Thomas Chatelain, Jr. ("Defendant") moves the Court for early termination of supervised release. *See* ECF No. 4 ("Motion"). Both the Government and the United States Probation Office oppose the Motion. *See* ECF Nos. 7, 8. For the following reasons, the Court DENIES the Motion.

**BACKGROUND**

I.    The Offense

While working as a contract employee for the United States Department of State, Defendant used government equipment to access and download child

pornography, which he then transported on devices when returning to the United States. *See* ECF No. 8 at 5. Defendant's iCloud account, which had been installed onto a government laptop, contained hundreds of images of the rape, molestation, and sexual abuse of children, including infants or toddlers. *See id.* Further forensic investigation "revealed more than 30,000 internet history records" during the timeframe of May 2018 to February 2019, including searches using terms indicative of a search for child pornography. *See id.* at 6.

II.    Procedural History

Defendant was charged with two counts in the Eastern District of Virginia: Transportation of Child Pornography and Possession of Child Pornography. *See United States v. Chatelain*, Cr. No. 19-00133-LMB ("*Virginia Case*"), ECF No. 15. On September 13, 2019 — a little more than two years ago — Defendant was sentenced to a mandatory minimum of sixty months' imprisonment on the Transportation of Child Pornography charge, and the other charge was dismissed pursuant to a Government motion. *See id.*, ECF No. 55; 18 U.S.C. § 2252(b)(1). The sentence included a mandatory five-year term of supervised release. *See Virginia Case*, ECF No. 55; 18 U.S.C. § 3583(k).

The District Court later granted Defendant's motion for compassionate release, and Defendant commenced supervised release less than two years ago, on May 18, 2020. *See* ECF No. 7 at 1. His supervision was subsequently transferred

to this District, ECF No. 3, and he started supervision here on September 6, 2020. *See* ECF No. 7 at 1.

On December 27, 2021, Defendant filed the present Motion.  ECF No. 4. The United States Probation Office, through United States Probation Officer Tarama Fuatagavi, filed a Response to Motion for Early Termination of Supervised Release, objecting to the Motion.  ECF No. 7.  The Government filed an opposition on January 10, 2022, ECF No. 8, and Defendant filed a reply on January 18, 2022. ECF No. 9.

III.   Defendant's Background

As noted in the Order granting Defendant's motion for compassionate release,  Defendant is in his early seventies, is a veteran who served in our military for two decades, including two tours of duty during the Vietnam War.  *See Virginia Case*, ECF No. 73 at 4–5.  Defendant reports to the Court that:

> [He h]as been with his Common Law wife Le Thuy Trang for 26 years.  They are foster parents to three children . . . [aged] 15, 14, and 5 respectively. . . .  They also raised another niece . . . since she was 10.  She is now . . . married and has one child of her own.  The children and Mr. Chatelain's wife reside in their home in Phu Ninh, Tam Nong - Dong Thap Vietnam[.]

ECF No. 4 at 4.

Defendant also provided the Court with a July 1, 2020 Summary Statement from Dr. Sarah Shelton, of Shelton Forensic Solutions, whose associate had evaluated and treated Defendant during his term of pretrial supervision, and who

3

re-evaluated him upon his release.  *See* ECF No. 4-3.  Dr. Shelton's Summary

Statement concluded that Defendant should not be required to complete any sex

offender treatment program as he had a low risk of reoffending — both at the time

of his initial evaluation and at the time of his re-evaluation — but that Defendant

needed to address "episodic addictive tendencies that typically involve alcohol,

particularly during times of stress."  *Id.*

Defendant also reports that he and his family in Vietnam are charitable,

donating food to the community in Vietnam and Defendant volunteering his IT

skills to a non-profit on Oahu.  See ECF No. 4 at 4–5.

Probation Officer Fuatagavi informs the Court that Defendant has been

compliant with the terms of supervision, having completed substance abuse and

mental health treatment, and previously completing sex offender treatment before

transferring to this district.  *See* ECF No. 7 at 2–3.  He also voluntarily participates

in mental health treatment and has had a "positive adjustment" to supervised

release.  *See id.* at 2.

## DISCUSSION

Defendant bears the burden of justifying the early termination of his

supervised release.  *See United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir.

2006).  The Ninth Circuit recently reaffirmed that "'[t]he correct legal standard for

deciding a motion to terminate supervised release is set forth in 18 U.S.C. §

3583(e).'" *United States v. Ponce*, __ F.4th __, 2022 WL 98133, at *2 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).  That section "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (some internal quotation marks and citation omitted). The language, "conduct of the defendant released and the interest of justice" is an "expansive phrase[]" that allows the Court "discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (internal quotation marks and citation omitted).

Mr. Chatelain argues that he has been a model supervisee, who poses practically no risk of reoffense and who wishes "to travel freely" to Vietnam in order "to rebuild community and family ties with his loved ones from whom he has been separated for almost three years."  ECF No. 4 at 4.  The Court is not persuaded.

Considering the Section 3553(a) factors, in particular the nature and circumstances of the offense and the need to protect the public, the Court concludes Defendant has not met his burden.  The fact that Defendant repeatedly searched for, downloaded and consumed hundreds of images of the rape and molestation of children — some of toddler age or even younger — is nothing less

5

than disturbing.  His use of a government computer to do so exhibits an impulsive

behavior.  And while the Court does not at all fault the District Judge who granted

Defendant's motion for compassionate release, Defendant's early release from a

mandatory minimum sentence means that he committed this crime in the not-too-

distant past.

The Government persuasively argues that Congress enacted a five-year

mandatory minimum term of supervised release for crimes like these for a reason:

transportation of child pornography is serious.  *See* ECF No. 8.  But Defendant

nonetheless attempts to minimize his involvement, urging the Court to conclude

that he did not engage in 30,000 searches for child pornography because "[o]ne of

the devices in question was over five years old and used by other people."  ECF

No. 9 at 1.  Even assuming that even a significant percentage of those searches for

child pornography were conducted by others employed by the State Department,

the fact is that a search for child pornography is despicable, whether it occurs 30 or

30,000 times.  And Defendant's attempt to direct some of the blame to others

makes the Court skeptical that he understands the seriousness of his offense.

Indeed, granting the Motion sends the wrong message not only to Defendant but

also to others.

The Court further notes that, if it were to grant the Motion, Defendant would

presumably be able to have unlimited unsupervised contact with children, and

indeed, to travel freely to see the children in his family in person.  His current conditions of supervised release preclude him from engaging in contact with "minors, other than his step-children, unless supervised by a competent, informed adult, and approved in advance by the probation officer."  *Virginia Case*, ECF No. 55 at 4.  The Court views the need to protect children in light of this recent child pornography crime as paramount.

None of this is to suggest that Defendant should not be commended for his success while on supervision.  He has performed well, is living a stable law-abiding life, and meeting all the requirements demanded of him.  But, simply put, he has been successful for less than half of the term of supervised release imposed, and the risks here are too great for the Court to grant the Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, January 25, 2022.



Jill A. Otake
United States District Judge

Crim. No. 21-00045 JAO-KJM, *United States v. Chatelain*; ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE